R. R. CARTER V. THE STATE.

No. 11007.   Delivered June 15, 1927.

Rehearing denied October 19, 1927.

1.—Robbery With Firearms—Evidence—Held Sufficient.

Where, on a trial for robbery with firearms, the evidence shows that appellant entered a bank in the town of Garland and with drawn revolvers compelled the cashier of the bank to deliver to him the sum of $4,541.25 in money, we cannot agree that this testimony was not sufficient to support the conviction.

ON REHEARING.

2.—Same—No Error Shown.

On rehearing, appellant insists that the evidence of the state as to identification is not sufficient. All the parties in the bank at the time of the robbery identified him positively, and we are unable to agree with his contention.

Appeal from the Criminal District Court No. 2 of Dallas County.   Tried below before the Hon. C. A. Pippin, Judge.

Appeal from a conviction for robbery with firearms, penalty ninety-nine years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of robbery with firearms, and his punishment assessed at ninety-nine years in the penitentiary.

The record discloses that the appellant was charged by indictment with robbing W. C. Jamison, cashier of the First National Bank of Garland, by the use of firearms, and with taking from his possession $4,541.25 in money on or about April 1, 1926.   It appears from the state's testimony that the appellant, a few minutes after noon on the above date, entered the back door of the bank in question, drew a pistol on the cashier, W. C. Jamison, and another on the bookkeeper, Mrs. Oscar Morrison, and compelled the cashier, under threats, to deliver to him the amount of money set out in the indictment.   The appellant then locked the cashier, the bookkeeper, and a negro, who had entered the bank, in the vault and made his escape.   He was afterward

located and arrested in the State of Montana and brought back to Dallas for trial.

The appellant failed to testify.

The record is before us without any bills of exception, and the only question for our consideration is the sufficiency of the testimony to warrant the conviction. The state's witnesses positively identified appellant as being the party who committed the robbery, and after a careful examination of the entire record we are of the opinion that the verdict of the jury is amply supported by the testimony.

The judgment of the trial court is therefore affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant again lays stress on what he calls the lack of testimony to identify him as the man who robbed the bank in question. We have examined the facts and find that both of the people who were in the bank at the time same was robbed testified positively that appellant was the man who committed the robbery. We are at a loss to know how the identification could be more direct or positive.

The motion for rehearing will be overruled.

*Overruled.*